FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 26, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LUIS M. J.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 1:17-CV-03195-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 12, 13. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

## I. Jurisdiction

Plaintiff filed his application for supplemental security income on April 29, 2014. AR 206-11. His initial alleged onset date was January 1, 2011. AR 206. His application was initially denied on June 23, 2014, AR 100-03, and on reconsideration on August 15, 2014, AR 107-11.

Administrative Law Judge ("ALJ") Virginia Robinson held a hearing on December 15, 2015, in Seattle, Washington. AR 36-46. Plaintiff was incarcerated and unable to attend the first hearing, so a supplemental hearing was held with him present on May 18, 2016. AR 47-76. On June 16, 2016, ALJ Robinson issued a decision finding Plaintiff ineligible for disability benefits. AR 21-30. The Appeals Council denied Plaintiff's request for review on September 22, 2017, AR 1-7, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits on November 16, 2017. ECF No. 3. Accordingly, his claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Plaintiff was 23 years old on the date he filed his application. AR 29. He has a limited education and is able to communicate in English. *Id.* His has previously worked in a restaurant as a server and dishwasher. AR 23.

//

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act since April 29, 2014, the date his application was filed. AR 21-30.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 29, 2014, his application date (citing 20 C.F.R. § 416.971 *et seq.*). AR 23.

**At step two**, the ALJ found Plaintiff had the following severe impairments: psychotic disorder, personality disorder, and substance addiction disorder (citing 20 C.F.R. § 416.920(c)). AR 23.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 24-25.

At **step four**, the ALJ found Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: He can perform simple, routine tasks in a routine work environment; he is able to make simple adjustments to change only simple, work-related decisions; he should have only superficial interaction with co-workers and supervisors in normal work-related interactions, such as asking directions, giving directions, and when needed, accepting feedback; and he should have only

incidental interaction with the public, which is defined as interaction with the public not as a required part of the job duties. AR 25.

The ALJ determined Plaintiff has no past relevant work. AR 29.

At **step five**, the ALJ found that in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 29-30. These include industrial cleaner, kitchen helper, and laundry worker II. AR 30. The ALJ consulted a vocational expert and the Dictionary of Occupational Titles in making this determination. *Id.*

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by improperly evaluating the medical opinion evidence and discrediting Plaintiff's symptom testimony without providing specific, clear, and convincing reasons for doing so. ECF No. 12 at 1.

## VII. Discussion

**A. The ALJ did not err in evaluating the medical opinion evidence.**

Plaintiff argues that the ALJ erred by affording significant weight to the opinions of non-examining State agency consultants and rejected the opinions of

every treating and examining source without legally sufficient reasons. ECF No. 12 at 4.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id.* at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id.* at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than

his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### a. Dr. James Bailey, PhD, and Dr. Jan Lewis, PhD

The ALJ gave significant weight to the opinions of these doctors, both non-examining State agency consultants, which were based on their review of the record. AR 28. The ALJ adopted many of the limitations opined by these doctors in her residual functional capacity analysis, although she gave "the greatest deference" to Plaintiff's subjective complaints and further limited his interaction with the public. *Id.*

Plaintiff takes specific issue with the lack of explanation for why the ALJ chose to give these opinions significant weight. The ALJ does, however, note that these opinions were "[b]ased on their review of the record." AR 28. Nevertheless, the error, if any, is not on the decision to give an opinion significant weight, but rather why the ALJ chose to give less weight to the other opinions. While the ALJ should have provided more sufficient reasoning for the weight given to the opinions of Drs. Bailey and Lewis, the Court's primary focus is whether she provided adequate justification for rejecting or assigning less weight to the other opinions. *See Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996) (error when an ALJ rejects an opinion without legally sufficient reasons).

//

### b. Marc Shellenberger

The ALJ gave "some limited weight" to the November 2015 opinion of Plaintiff's treating counselor, Marc Shellenberger. AR 28. Mr. Shellenberger found Plaintiff to be "seriously limited" in seven areas of mental abilities and aptitudes needed to do unskilled work. AR 634. He also found Plaintiff "unable to meet competitive standards" in the ability to "complete a normal workday and workweek without interruptions from psychologically based symptoms." *Id.* Mr. Shellenberger also found Plaintiff seriously limited in all areas related to skilled work and two areas involving social interactions related to the ability to do particular jobs. AR 635.

The ALJ accepted serious limitations in the abilities to interact appropriately with members of the public, understand and carry out detailed instructions, and deal with the stress of a skilled or semi-skilled work because they were consistent with the record of which Plaintiff's condition worsened with increasing job responsibilities and social interactions. AR 28. The remainder of the limitations opined were given minimal weight. *Id.*

The ALJ weighed this opinion minimally because it was completed based on subjective complaints. AR 28. Mr. Shellenberger wrote beneath the checkbox: "This assessment is completed with [Plaintiff] providing the degree of limitations that his psychologically based symptoms would pose during a work day and

week." AR 634. This language clearly supports the ALJ's finding that the opinion is based on subjective complaints. An ALJ may discount a treating provider's opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). As discussed later in this opinion, the ALJ did not err in rejecting Plaintiff's credibility. *See infra* at pp. 14-17.

### c. Dr. Richard Jacks, M.D.

The ALJ provided limited weight to the January 23, 2014, opinion of Dr. Jacks, Plaintiff's treating physician. AR 28. Dr. Jacks found marked limitations in six functional areas and severe limitations in five areas, totaling eleven of thirteen areas. AR 460. The ALJ rejected these findings because they were in check-box format without an accompanying narrative to explain the objective findings on which they were based. AR 28.

Check-box form statements may be given less weight when they are conclusory in nature and lack substantive medical findings to support them or they are inconsistent with the underlying medical records. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). As this opinion is only a one-page check-box form, the ALJ's explanation provides a legally sufficient reason for the decision to afford it minimal weight.

### d. Dr. R.A. Cline, PsyD

Finally, the ALJ gave some limited weight to the February 16, 2016, psychological evaluation completed by Dr. Cline for the Washington Department of Social and Health Services. AR 28-29. Dr. Cline opined that Plaintiff would have marked limitations in communication and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and completing a normal workday and workweek without interruptions from psychologically based symptoms. AR 657. Dr. Cline additionally found moderate limitations in seven other functional areas, and he found the overall severity of Plaintiff's mental impairments to be moderate. *Id.*

The ALJ found that the moderate limitations in understanding and carrying out even simple instructions and tasks and all three of the marked limitations were unsupported by the record. AR 29. The ALJ noted that Plaintiff does not have any diagnosed cognitive or intellectual deficits, which suggests he is capable of completing and understanding simple tasks. *Id.* Here, the ALJ presents a reasonable interpretation of the evidence (or lack thereof) and it is not the Court's job to second-guess it. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

In addition, however, the ALJ also rejected the opinion because it appeared to be based partially on self-reports from the claimant. AR 29. As with Mr. Shellenberger's opinion, an ALJ may discount an examining doctor's opinion if it

is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible. *Ghanim*, 763 F.3d at 1162. The ALJ points to Dr. Cline's note that Plaintiff avoids people and would rather not have friends, but this is inconsistent with the record in which Plaintiff admits that he has friends and regularly spends time with others. AR 249, 348-50, 563, 655. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-603 (9th Cir. 1999).

In conclusion, while generally the ALJ must give more weight to treating and examining doctors than non-examining, here the Court finds that the ALJ provided legally sufficient reasons for giving less weight to these opinions.

**B. The ALJ did not improperly reject Plaintiff's symptom testimony.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce some of the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements regarding intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 26-28. The ALJ provided multiple reasons for discrediting his subjective complaint testimony. AR *Id.*

The ALJ first pointed to Plaintiff's ability to work significantly above the substantial gainful level during the review period. AR 26. While an increase in job duties and hours did correspond to an increase in symptoms, AR 610-40, the record supports the ALJ's finding that Plaintiff was able to handle his position as a dishwasher, as it limited his social interaction. AR 59. This was acknowledged even by Plaintiff himself. *Id.* Once he was required to interact with customers by taking orders and taking out food, his condition worsened. *Id.* This supports the

ALJ's finding that Plaintiff was not entirely disabled, and that social restrictions in the residual functional capacity are necessary.

Plaintiff also indicated that he had sought other jobs, but his criminal background prevented this. AR 69. He even managed to secure an interview for a dishwashing position at Denny's, but he did not want to work full-time. AR 62-63. Failure to work for reasons other than impairments may be considered by an ALJ in determining the credibility of subjective testimony. *Bruton v. Massanari*, 268 F. 824, 828 (9th Cir. 2001).

The ALJ also found that the record demonstrated improvement in Plaintiff's symptoms when he was compliant with medication and free from drug use. AR 27. The ALJ noted that in particular during periods of incarceration, when Plaintiff had regular access to mental health services and medication, his mental status examinations were within normal ranges. AR 298, 300, 303, 306. Outside of incarceration, Plaintiff also presented with largely normal mental status examinations when medication compliant and sober. AR 350, 609, 612-13. Comparatively, when he was off medication, Plaintiff's symptoms worsened, as in August 2015 when he experienced suicidal ideation after a period of non-compliance with medication for two weeks. AR 600. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674

F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

In sum, the ALJ provided multiple legally sufficient reasons for her determination regarding Plaintiff's subjective symptom complaints. The Court finds no error.

### VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED.**

3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 26th day of July, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 17